C. L. CHAFFEE v. JOHN W. FISHER.— S. R. HOWELL
*et al.* v. JOHN W. FISHER.

Nos. 57, 59.

RULINGS ON EVIDENCE—*Harmless Error.* Errors in the rulings
of the trial court upon the admission of evidence become immaterial when the evidence rejected is subsequently admitted.

MEMORANDUM.—Error from Atchison district court;
ROBERT M. EATON, judge. Actions by C. L. Chaffee
against John W. Fisher, and S. R. Howell and H. N.
Jewett against the same. The two actions were consolidated, and judgment in each case was rendered
for defendant. Plaintiffs bring the cases to this court.
Affirmed. The opinion, filed February 14, 1896, states
the facts.

*Solomon & Bland*, for plaintiffs in error.

*W. W. & W. F. Guthrie*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: The plaintiffs in error, as plaintiffs below, brought their several actions against John W.
Fisher in the district court of Atchison county, and
caused orders of attachment to issue to the sheriff of
Graham county, who levied upon certain real estate
and promissory notes as the property of the defendant. The grounds for attachment as alleged in the
affidavits therefor were: That the defendant was
about to remove his property, or a part thereof, out
of the jurisdiction of the court with the intent to defraud his creditors; that he was about to convert his
property or a part thereof into money for the purpose of placing it beyond the reach of his creditors;
that he had property and rights in action which he
was concealing, and had assigned, removed, and dis-

posed of, and was about to dispose of, his property, or a part thereof, with the intent to defraud, hinder and delay his creditors. The defendant in due time filed his affidavit in each case, in which he made specific denial of the several grounds alleged in plaintiffs' affidavits, and moved to dissolve the attachments and discharge the property from the liens thereof. By agreement of all parties, these motions were both heard at the same time, and upon the same evidence, and upon a hearing duly had, the court sustained defendant's motions. The plaintiffs duly excepted to various rulings of the court on the admission of evidence and assign these rulings for error in this court.

We have carefully examined the record, and find that the cases were heard and determined solely upon the evidence of the plaintiffs, and while perhaps the court may have erred in some of its rulings, the record shows that any errors which the court may have committed in this respect were subsequently cured when the witness was permitted to testify, in response to questions which were so framed as not to be deemed objectionable, to the same matters which plaintiffs had previously sought to introduce over defendant's objection. Other rulings, to which exceptions were saved, were in exclusion of testimony which plaintiffs sought to elicit on a very rigid examination of defendant, as their own witness, and upon matters which if admitted could not have aided the court in arriving at a correct determination of the question then being litigated.

We think, from the whole record, it very clearly appears that no substantial rights of the plaintiffs in error were prejudiced by the rulings of the court complained of, and the decision in such case is accordingly affirmed.

All the Judges concurring.